# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO: 5:06-CV-00290-WW

| | | |
|---|---|---|
| UNITED VAN LINES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEBRA MIKILAS, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

_____

This Cause comes before the Court upon Plaintiff's Motion for Summary Judgment **[DE-26]** pursuant to Federal Rule of Civil Procedure 56. For good cause shown the motion is GRANTED. In the motion, Plaintiff requests prejudgment interest from August 8, 2005, which is the date of delivery of Defendant Mikilas' household goods. However, in United Van Lines, Inc., v. Homburger, 932 F. Supp. 139, 143 (W.D.N.C. 1996), the Court used "the date the bills became due and owing" to calculate the prejudgment interest, not the delivery date. In addition, the date the bill became "due and owing" in this case is not governed by the invoice dates, August 31, 2005 or September 1, 2005, because these invoices were sent to the Defendant's employer and not directly to the Defendant **[DE-1, Exhibit B, pgs. 2-4]**. Thus, for the Court to evaluate the proper period to calculate the prejudgment interest, the parties are directed to file a memorandum addressing this issue by **Friday, September 7, 2007.**

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 31ˢᵗ day of August, 2007.

                                                          William A. Webb
                                                          U.S. Magistrate Judge